No. 2459.—P. HALPIN and J. A. MORAN *v.* T. L. MAXWELL, Sheriff, et al.

The appeal will be dismissed if the amount claimed in the court below does not exceed five hundred dollars.

Where a discrepancy occurs between the amount demanded in the petition, and the amount as shown to be claimed by documents filed with and made a part of the petition, the latter will govern as to the sum demanded. If, therefore, the amount claimed by the documents filed be less than five hundred dollars, the appeal will be dismissed, although the amount claimed in the petition be above that sum.

APPEAL from the Fifth District Court, parish of Orleans. *Leaumont,* J. *T. A. Bartlette,* for plaintiffs and appellees. *Clarke, Bayne & Renshaw* and *Breaux & Fenner,* for defendants and appellants.

HOWELL, J. We are unable, under the plain terms of the Constitution, to take jurisdiction of this case, although we have already refused a motion to dismiss. The gravamen of the action is that, by the unlawful acts of the sheriff and Carl Kohn, defendants, the plaintiffs have been deprived of the use of their premises, corner of Julia and Basin streets, from the first of September, 1868, to the first of December, 1868, the value of the use of which is $125 a month, which, it is stated in the petition, makes a total of $500, and judgment is asked for this sum, with interest from first of December, 1868. It is evident, however, that this was an error of calculation or a fictitious amount, and in either case we are without jurisdiction. It is probable that in making the calculation the month of December was unwittingly included, and the amount fixed for four instead of three months. Every allegation descriptive of the claim and its origin, and every date connected with it, clearly and unmistakably limit it to the period from the

Halpin and Moran v. Maxwell, Sheriff, et al.

first of September to the first of December, same year, a term of only three months, at the price of $125 per month. The two advertisements of the sale of the property in the premises are copied at length in the petition, and are referred to as showing the time during which plaintiffs were deprived of their property, and they show that time to be September, October and November, 1868. There is in another part of the long petition an allegation that they were deprived of their premises for "a term of four months," but it is followed by the words, "as appears by the annexed advertisement," which is then copied in the petition, and, in connection with the first advertisement, previously written out in full in the petition, shows the time to be a term of three instead of four months. It is well settled that when documents are annexed to and make part of a petition, they control if there is a discrepancy in dates and amounts. We find nothing in the record tending in the least to show that any greater amount than $375 was or is claimed as the amount really due, except those manifest errors, which may or should be considered merely clerical and unintentional, it being apparent from the whole petition and record that plaintiffs did not really pretend to claim anything more than the rent for three months, at $125 per month, of the premises in question.

It is therefore ordered that the appeal herein be dismissed.